ALICE J. SELBY, Plaintiff-Appellee and Cross-Appellant, v. UNION AUTOMOBILE INDEMNITY ASSOCIATION, Defendant-Appellant and Cross-Appellee.

Third District   No. 3—87—0215

Opinion filed December 22, 1987.

Satter, Ewing & Beyer, of Pontiac (Douglas W. Richard, of counsel), for appellant.

Thomas M. Monahan, of Joliet, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Alice J. Selby, sued the defendant, Union Automobile Indemnity Association (Union Auto), on a policy for dwelling fire insurance for fire damage to her residence. Union Auto denied liability, raising the affirmative defenses of intentional burning and intentional concealment and misrepresentation of material facts. Union Auto filed its counterclaim seeking recovery of $15,000 paid to Selby's mortgagee, alleging that Selby had intentionally burned the dwelling. Under the terms of the mortgage clause of the insurance contract, Union Auto was required to pay the mortgagee regardless of the circumstances of the loss. After trial, judgment was entered on the jury's verdict of $26,000 in favor of Selby against Union Auto. On Union Auto's counterclaim against Selby, the jury entered a verdict against Union Auto. The trial court denied Union Auto's post-trial motion and motion for credit against the judgment for the amount paid to the mortgagee. Selby also filed a claim for extracontractual damages and a motion for *additur* which the court also denied. Union Auto appeals from the denial of its motion for credit against the judgment. Selby cross-appeals from the denial of her motion for extracontractual damages.

The trial court denied Union Auto's motion for credit for the $15,000 paid to the mortgagee on the basis that the question was determined by the jury when it denied Union Auto's counterclaim. The court also denied Selby's motion for *additur*, stating that Selby received a benefit of $15,000 by having her indebtedness to the bank paid by the defendant and that, in actuality, the plaintiff had received $41,000—the $26,000 jury award plus the payment of the outstanding $15,000 mortgage.

The general rule is that an insurer is entitled to recover money paid to a mortgagee under a standard mortgage clause since it was

made under the contract and for the account and the benefit of the insured. (See 18 G. Couch, Insurance §74:218 (2d ed. 1983).) No authority cited to the contrary in Selby's brief, we find the trial court to be in error in not granting Union Auto's motion for credit against the judgment.

Selby relies on the fact that the jury denied Union Auto's counterclaim to support the contention that it disposed of the credit against judgment motion. This reliance is misplaced. Union Auto's counterclaim was predicated on its position that no liability existed because of the alleged intentional burning of the dwelling. In order to prevail on its counterclaim, Union Auto had to prove each of four propositions by a preponderance of the evidence. It is the only logical conclusion that if the jury determined no intentional burning took place, and found liability on the part of Union Auto, then they would have to find in Selby's favor on the counterclaim on the basis of the jury instructions submitted to them.

The trial court also denied the motion for credit against the judgment on this basis. However, the jury determination that Union Auto could not prove an intentional burning and, therefore, could not prevail on its counterclaim for damages, does not defeat its right to recover money paid under the mortgage clause. This is clearly a case of mixing apples and oranges. The right to recover money paid under a mortgage clause to which Union Auto is entitled is not defeated because they were unable to prevail on a counterclaim for damages.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed as to the judgment entered on the jury verdict and the denial of Selby's motion for extracontractual damages. The court's judgment is reversed as to the denial of Union Auto's motion for credit against the judgment.

Affirmed in part; reversed in part.

HEIPLE and WOMBACHER, JJ., concur.